IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| JOSEPH M. CODY, ) | |
| Plaintiff, ) | |
| v. ) | No. 09-3060 |
| MICHAEL J. ASTRUE, ) Commissioner of Social Security, ) | |
| Defendants. ) | |

## OPINION

This matter comes before the Court on Defendant Commissioner's Motion to Alter or Amend Judgment Pursuant to Rule 59 (d/e 18). The Commissioner asks the Court to alter or amend the Opinion entered October 6, 2010 (d/e 16) (Opinion). For the reasons set forth below, the Court allows the Motion in part.

A Rule 59(e) motion should be granted only in the case of a manifest error of law or fact, or newly discovered evidence. Abcarian v. McDonald, 617 F.3d 931, 942 (7th Cir. 2010). In this case, the Court erroneously stated that the Administrative Law Judge (ALJ) cited Medical-Vocational Rule 201.21 in Step 5 of the Social Security five-step Analysis. Opinion, at 21. In fact, the ALJ cited Medical-Vocational Rule 202.21. Opinion, at 18. Rule 201.21 relates to individuals limited to sedentary work, while Rule 202.21 relates to individuals limited to light work. 20 C.F.R. Part 404 Subpart P Appendix 2, Rules 201.21 and 202.21.

1

The Court stated that on remand the ALJ should explain how Rule 201.21 applied when he found Plaintiff Joseph Cody was limited to light work. Opinion, at 22. The Court further stated that the ALJ should address how Medical-Vocational Rules 201.13 and 201.14 should apply after Cody turned fifty years old. Opinion, at 22-23. These rules relate to individuals over 50 years of age who are limited to sedentary work. This was a manifest error. On remand, should the ALJ determine that Cody is limited to light work, the ALJ is not required to analyze the application of the Medical-Vocational Rules related to sedentary work to Cody.

The Court notes, however, that if the ALJ finds that Cody is limited to light work, the ALJ should consider soliciting testimony from the vocational expert concerning whether a person with Cody's age, education, experience, and residual functional capacity can perform other light work within the national economy. The ALJ only asked the vocational expert about sedentary work in the national economy. See Opinion, at 13-15.

The remainder of the Commissioner's Motion is denied. As explained in the Opinion, the ALJ failed to consider the impact of Cody's obesity at all of the relevant stages of the five-step Analysis as required by the regulations. Opinion, at 19-21; see 20 C.F.R. Part 404 Subpart P. Appendix 1, § 1.00Q; Barrett v. Barnhart, 355 F.3d 1065, 1068-69 (7th Cir. 2004); Clifford v. Apfel, 227 F.3d 863, 870 (7th Cir. 2000). The Court sees no error of law or fact in this part of the Opinion.

THEREFORE, Defendant Commissioner's Motion to Alter or Amend Judgment

Pursuant to Rule 59 (d/e 18) is ALLOWED in part. The Decision of the Commissioner is reversed and remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). On remand, the ALJ is directed to address the impact of the Plaintiff's obesity as discussed in the Opinion entered October 6, 2010 (d/e 16). The Court alters the Opinion, however, to state that on remand, should the ALJ again find that the Plaintiff is limited to light work, the ALJ does not need to clarify his analysis at Step 5 to discuss the Medical-Vocational Rules related to sedentary work. If the ALJ finds that Cody is limited to light work, the ALJ should consider soliciting testimony from a vocational expert concerning whether a person with Cody's age, education, experience, and residual functional capacity can perform other light work within the national economy.

ENTERED this __17th___ day of November, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE